**United States District Court**
**District of Minnesota**

| | |
|---|---|
| Lindsey Bock, | Court file no. _____ |
| Plaintiff, | |
| v. | **Complaint** |
| Springer Collections, Inc., | **JURY TRIAL DEMANDED** |
| Defendant(s). | |

## Jurisdiction

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) for the FDCPA claims.

2.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff.

3.      Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendant transacts business in Minnesota.

**Parties**

4.    Plaintiff Lindsey Bock is a natural person who resides in Hastings, County of Dakota, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.    Defendant Springer Collections, Inc. (hereinafter "Defendant Springer") is a collection agency operating from an address of 876 E 7th Street, St. Paul, MN 55106, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

*Background*

6.    In or before 2008, Plaintiff allegedly incurred an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely alleged towing and storage charges for an automobile that Plaintiff has never owned.

7.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant Springer for collection from Plaintiff.

*Defendant Springer Harasses and Misleads Plaintiff*

8.      In or around October 2013, Defendant Springer began contacting Plaintiff by telephone, and each one of these calls was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9.      During one of these calls, Plaintiff spoke with Defendant Springer's collector, who identified herself as Colleen.

10.     Colleen told Plaintiff that Defendant Springer was a collecting a debt related to a van that Plaintiff owned, or words to that effect.

11.     Plaintiff told Colleen that she does not own a van, and she has never owned a van, or words to that effect.

12.     Plaintiff told Colleen that she believed it was her parent's van, and that Colleen should talk to her parents, or words to that effect.

13.     Colleen told Plaintiff "we don't just make this stuff up, your name was not just drawn from a hat" or words to that effect.

14.     Plaintiff continued to explain that she did not believe this was her debt, or words to that effect.

15.     Colleen told Plaintiff that her name was on it, and it was her responsibility or words to that effect.

16.     Colleen told Plaintiff that she would have to go to court and would have to pay lawyer fees as well, or words to that effect.

17.     Colleen told Plaintiff that they could garnish her wages, or words to that effect.

18.     Upon hearing that, Plaintiff believed Defendant Springer was going to sue her.

19.     To date, Plaintiff has not been sued by Defendant Springer, or any other entity, for the alleged debt.

20.     Plaintiff explained that she was not going to pay something that did not owe, or words to that effect.

21.     Colleen then told Plaintiff "you're so young, you shouldn't have stuff like this on your credit report" or words to that effect.

22.     Sometime thereafter, the call ended.

23.     The above-described communications were collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(10), and 1692f, among others.

*Defendant Springer Continues to Harass Plaintiff*

24.    After the above-described collection communications, Defendant Springer
       continued to contact Plaintiff by telephone, and each one of these calls was
       a "communication" in an attempt to collect a debt as that term is defined
       by 15 U.S.C. § 1692a(2).

25.    Plaintiff had provided specific information refuting her alleged liability for
       the alleged debt, and had also indicated she refused to pay the alleged
       debt.

26.    By continuing to contact Plaintiff, Defendant Springer was harassing
       Plaintiff in the hopes that she would make payment towards the alleged
       debt.

27.    The above-described communications were collection communications in
       violation of numerous and multiple provisions of the FDCPA, including,
       but not limited to 15 U.S.C. §§  1692d, 1692e, 1692e(10), and 1692f, amongst
       others.

*Defendant Springer Sends a Misleading Letter*

28.    On or around October 18, 2013, Defendant Springer contacted Plaintiff in
       writing, namely a collection letter, and this letter was a "communication"
       in an attempt to collect a debt as that term is defined by 15 U.S.C. §
       1692a(2).

29.   In the letter, Defendant Springer states "since repeated requests for
      payment of this debt have been ignored . . ."

30.   Plaintiff did not ignore Defendant's previous requests. Plaintiff disputed
      the validity of the debt and provided specific information supporting her
      dispute and why she does not owe this alleged debt.

31.   In the letter, Defendant Springer also states "[y]ou will, we are sure, want
      to avoid further collection activity. Please send payment to our office  . . . "

32.   That language falsely implies that the only way to stop further collection
      activity was to make a payment, in violation of a consumer's right to
      request cessation of collection activities under 15 U.S.C. § 1692c(c).

33.   This letter was a collection communication in violation of numerous and
      multiple provisions of the FDCPA, including, but not limited to 15 U.S.C.
      §§  1692c(c), 1692d, 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

**Summary**

34.   All of the above-described collection communications by Defendant
      Springer and other collection employees employed by Defendant Springer,
      were made in violation of numerous and multiple provisions of the
      FDCPA, including but not limited to all of the provisions of the FDCPA
      cited herein.

35.     Plaintiff has suffered actual damages as a result of Defendant Springer's

        illegal conduct in the form of emotional distress, including but not limited

        to: stress, frustration, anxiety, loss of sleep, amongst other negative

        emotions.

### Respondeat Superior Liability

36.     The acts and omissions of the debt collectors employed as agents by

        Defendant Springer who communicated with Plaintiff as more further

        described herein, were committed within the time and space limits of their

        agency relationship with their principal, Defendant Springer.

37.     The acts and omissions by these other debt collectors were incidental to, or

        of the general nature as, the responsibilities these agents were authorized

        to perform by Defendant Springer in collecting consumer debts.

38.     By committing these acts and omissions against Plaintiff, these individual

        debt collectors were motivated to benefit their principal, Defendant

        Springer.

39.     Defendant Springer is therefore liable to Plaintiff through the Doctrine of

        Respondeat Superior for the intentional and negligent acts, errors, and

        omissions done in violation of state and federal law by its collection

employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## Trial by Jury

40.     Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

## Cause of Action

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

41.     Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

42.     The foregoing intentional and negligent acts and omissions of Defendant Springer constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

43.     As a result of Defendant Springer's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Request for Relief

**Wherefore**, Plaintiff requests that judgment be entered against each Defendant for:

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: June 20, 2014                         *s/Randall P. Ryder*
Randall P. Ryder (#389957)
2701 University Avenue SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3247
e-mail • randall@theryderlawfirm.com

Attorney for Plaintiff

## Verification of Complaint and Certification

STATE OF MINNESOTA      )
                                   ) ss
COUNTY OF HENNEPIN    )

Pursuant to 28 U.S.C. § 1746, Plaintiff Lindsey Bock having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 6/11/14

Lindsey Bock